**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DAVID GURNSEY,

    Petitioner,

                           CASE NO. 2:11-CV-15038
v.                           HONORABLE GERALD E. ROSEN

JOHN PRELESNIK,

    Respondent.

_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL IN FORMA PAUPERIS**

David Gurnsey, ("Petitioner"), presently incarcerated at the Richard A. Handlon Correctional Facility in Ionia, Michigan, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his convictions of assault with intent to murder, M.C.L.A. § 750.83; operating while intoxicated causing death, M.C.L.A.§ 257.6254; and two counts of operating while intoxicated causing serious injury, M.C.L.A. § 257.6255A. He also challenges application of the 4th Habitual Offender charge to counts 2, 3 and 4 at sentencing.[1] For the reasons stated below, the petition for writ of habeas corpus is DENIED.

**I.  Background**

Petitioner caused the death of 21 year-old Andrew Leroy, and seriously injured his parents, Gary and Susan, in a crash on Interstate 94 (I-94) on Thanksgiving evening, 2007. The crash resulted from Gurney's excessive blood alcohol level, the four drugs found in his system,

_____

[1]Under Michigan's 4th Habitual Offender charge, petitioner's sentence on the other three charges could be enhanced up to life in prison. M.C.L.A. § 769.12.

and his desire to end his own life.  Instead of ending his own life when he drove the wrong way on I-94, he ended the life another and severely injured the other occupants in the vehicle.

Petitioner pleaded guilty but mentally ill to the above charges in the St. Clair County Circuit Court.  In exchange for his plea to the charges, the prosecution dismissed the second-degree murder charge and the judge agreed to take a plea of guilty but mentally ill. There was no sentencing agreement.

Petitioner's Presentence Report calculated the minimal guideline range as 225-375 months imprisonment.  (Tr. 5/27/08 pp. 6-7). Trial counsel requested that petitioner be sentenced at the bottom of the guidelines, while the prosecution asked for the maximum 375 months within the guideline range.  The Court sentenced petitioner beyond the guideline range to 35-50 years imprisonment on all four counts to run concurrently, after taking into consideration the circumstances of the crimes and petitioner's prior record. (Tr. 5/27/08 p. 7, 22).  Petitioner moved to withdraw his plea at the time of sentencing, but the court denied his request. Counsel later filed a motion to withdraw the guilty but mentally ill plea on December 15, 2008, which was also denied.

The Michigan appellate court denied petitioner leave to appeal. *People v. Gurnsey*, No. 288313 (Mich.Ct.App. June 25, 2009); *lv. den*. 485 Mich. 978 (2009).

Petitioner seeks a writ of habeas corpus on the following grounds:

I. (A) The trial court should have allowed Gurnsey to withdraw his plea. Additionally, (B) Gurnsey lacked the requisite intent for a charge of assault with intent to murder, (C) Gurnsey was not properly charged as a habitual fourth offender, (D) Gurnsey's plea was not knowing and voluntary, (E) Gurnsey's plea was rendered illusory, and (F) Gurnsey had a valid insanity defense.

II. Gurnsey is entitled to be resentenced within the guidelines.

2

III. Gurnsey is entitled to have his presentence investigation report corrected.

IV. The trial court denied Gurnsey due process of law by failing to recuse itself from the case where the court knew Andrew Leroy's father. In the alternative, Gurnsey was denied the effective assistance of counsel when his trial counsel failed to request that the trial judge be disqualified.

V. Gurnsey's guardian was improperly excluded from assisting him with his defense and Gurnsey himself lacked the requisite capacity to consent to the plea bargain.

VI. The trial court erred when it failed to give Gurnsey an adequate hearing on his competence to stand trial.

VII. The trial court failed to acknowledge Gurnsey's liberty interest in being free from antipsychotic drugs; drugs that impacted his ability to follow the proceedings.

## II. Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act

of 1996 (AEDPA), imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state

court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law

or if the state court decides a case differently than the Supreme Court has on a set of materially

indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable

application" occurs when "a state court decision unreasonably applies the law of [the Supreme

Court] to the facts of a prisoner's case." *Id*. at 409.  A federal habeas court may not "issue the

writ simply because that court concludes in its independent judgment that the relevant state-court

decision applied clearly established federal law erroneously or incorrectly." *Id*. at 410-11.

      The Supreme Court has explained that "[A] federal court's collateral review of a

state-court decision must be consistent with the respect due state courts in our federal system."

*Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).  The "AEDPA thus imposes a 'highly

deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions

be given the benefit of the doubt.'" *Renico v. Lett*, 130 S. Ct. 1855, 1862 (2010)((quoting *Lindh

v. Murphy*, 521 U.S. 320, 333, n. 7 (1997); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per

curiam)).  "[A] state court's determination that a claim lacks merit precludes federal habeas

relief so long as 'fairminded jurists could disagree' on the correctness of the state court's

decision." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011)(citing *Yarborough v. Alvarado*, 541

U.S. 652, 664 (2004)).  The Supreme Court has emphasized "that even a strong case for relief

does not mean the state court's contrary conclusion was unreasonable." *Id*. (citing *Lockyer v.

Andrade*, 538 U.S. 63, 75 (2003)).  Furthermore, pursuant to § 2254(d), "a habeas court must

determine what arguments or theories supported or...could have supported, the state court's

decision; and then it must ask whether it is possible fairminded jurists could disagree that those

arguments or theories are inconsistent with the holding in a prior decision" of the Supreme

Court. *Id*.

      In the present case, the Michigan Court of Appeals on direct review of petitioner's case

denied application for leave to appeal in a form order "for lack of merit in the grounds

presented."  The Michigan Supreme Court subsequently denied petitioner leave to appeal in a standard form order without any extended discussion.  Determining whether a state court's decision resulted from an unreasonable legal or factual conclusion, as would warrant federal habeas relief, does not require that there be an opinion from the state court that explains the state court's reasoning. *Harrington*, 131 S. Ct. at 784.  "Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Id*.  In fact, when a habeas petitioner has presented a federal claim to a state court and that state court has denied relief, "it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Id*. at 784-85.  That presumption may be overcome only when there is a reason to think that some other explanation for the state court's decision is more likely. *Id*. at 785.

In the present case, the AEDPA deferential standard of review applies to petitioner's case where the Michigan Court of Appeals rejected petitioner's appeal "for lack of merit in the grounds presented" and the Michigan Supreme Court subsequently denied leave to appeal in a standard form order, because these orders amounted to a decision on the merits. *See Werth v. Bell*, 692 F. 3d 486, 492-94 (6th Cir. 2012); *Hardaway v. Robinson*, 655 F. 3d 445, 447, 449, n. 1 (6th Cir. 2011).

### III.  Discussion

### A.  Claim # 1.  Withdrawal of the plea.

Petitioner first contends that he should have been permitted to withdraw his guilty plea, because he lacked the requisite intent to be charged with the offense assault with intent to

murder, was not properly charged as a 4th habitual offender, the plea was not knowing and voluntary, the plea was illusory, and petitioner had a valid insanity defense.

Initially, the Court observes that petitioner has no absolute right to withdraw his guilty plea. *See Shanks v. Wolfenbarger*, 387 F. Supp. 2d 740, 748, 655 (E.D. Mich. 2005)(internal citations omitted).  Therefore, unless the plea violated a clearly-established constitutional right, whether to allow the withdrawal of a criminal defendant's guilty plea is discretionary with the state trial court. *Id.*

A guilty plea that is entered in state court must be voluntarily and intelligently made. *See Shanks*, 387 F. Supp. 2d at 749; *Doyle v. Scutt*, 347 F. Supp. 2d 474, 482 (E.D. Mich. 2004)(both citing *Boykin v. Alabama*, 395 U.S. 238, 242 (1969)).  In order for a plea of guilty to be voluntarily and intelligently made, the defendant must be aware of the "relevant circumstances and likely consequences" of his plea. *Hart v. Marion Correctional Institution*, 927 F. 2d 256, 257 (6th Cir. 1991); *Shanks*, 387 F. Supp. 2d at 749.  The defendant must also be aware of the maximum sentence that can be imposed for the crime for which he or she is pleading guilty. *King v. Dutton*, 17 F. 3d 151, 154 (6th Cir. 1994).  When a petitioner brings a federal habeas petition challenging his plea of guilty, the state generally satisfies its burden by producing a transcript of the state court proceedings showing that the plea was made voluntarily. *Garcia v. Johnson*, 991 F. 2d 324, 326 (6th Cir. 1993).  The factual findings of a state court that the guilty plea was properly made are generally accorded a presumption of correctness.  Petitioner must overcome a heavy burden if the federal court is to overturn these findings by the state court. *Id*.

It is only when the consensual character of a guilty plea is called into question that the validity of a guilty plea may be impaired. *Mabry v. Johnson*, 467 U.S. 504, 508-09 (1984).  A

6

plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his or her own counsel, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (i.e. bribes). *Id*. Federal and state courts will uphold a state court guilty plea if the circumstances demonstrate that the defendant understood the nature and consequences of the charges and voluntarily chose to plead guilty. *See Thirkield v. Pitcher*, 199 F. Supp. 2d 637, 652 (E.D. Mich. 2002).

The evidence establishes that petitioner freely and voluntarily pleaded guilty to the above charges. Petitioner was advised of the maximum penalties for the charge and the rights that he would be waiving by pleading guilty. Petitioner was advised of the terms of the plea agreement and acknowledged that this was the complete terms of the agreement. In response to the trial court's questions, petitioner denied that any other promises had been made to get him to plead guilty.

Petitioner appears to argue that his plea was not knowing and voluntary due to lack of competence associated with his mental illness, medications, and closed head injury sustained in the accident. He further alleges that the plea was illusory because the trial court exceeded the sentencing guidelines.

A defendant may not be put to trial unless he or she has a sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and a rational as well as a factual understanding of the proceedings against him. *Cooper v. Oklahoma*, 517 U.S. 348, 354 (1996). The competency standard for pleading guilty is the same as the competency for

7

standing trial and is not a higher standard. *Godinez v. Moran*, 509 U.S. 389, 398 (1993).

Petitioner has presented no evidence that he was unable to understand the proceedings against him or assist his attorney.  Not every manifestation of mental illness demonstrates incompetency to stand trial.  Neither low intelligence, mental deficiency, nor the fact that a defendant has been treated with anti-psychotic drugs can automatically be equated with incompetence. *Burket v. Angelone*, 208 F. 3d 172, 192 (4th Cir. 2000); *Miles v. Dorsey*, 61 F. 3d 1459, 1474 (10th Cir. 1995); *Hastings v. Yukins*, 194 F. Supp. 2d 659, 671-672 (E.D. Mich. 2002).  Major depression, generalized anxiety, or even borderline personality disorders do not necessarily show that a defendant is unable to consult with his or her lawyer or is incapable of understanding the proceedings against him or her, to establish that the defendant is incompetent to stand trial, *United States v. Teague*, 956 F. 2d 1427, 1432 (7th Cir. 1992), nor will every suicide attempt create a bona fide doubt concerning a defendant's competency to stand trial. *Hastings*, 194 F. Supp. 2d at 672.

In the present case, a review of petitioner's plea transcript shows that he was lucid and articulate at the time that he entered his plea of guilty but mentally ill and was responsive to the trial court's questions.  Following the colloquy on the record, and upon review of two letters from the Forensic Center (one finding that petitioner was able to comprehend the proceedings and could assist in his defense, and the other finding that petitioner should be regarded as responsible, but mentally ill), the trial court found that the plea was fully understood and voluntary. (Tr., 4/29/08, pp. 20-22).

While Petitioner claims that he has no memory of the events due to a head injury which resulted from the accident, he failed to present evidence to either the state courts or to this Court

to corroborate his claim that he suffers from a brain malfunction that would either prevent him from remembering the events surrounding the death or would make him unduly susceptible to falsely confessing to the crime.  Petitioner argues solely that he was not mentally competent to enter a plea of guilty but mentally ill to the charges.

Being that petitioner has presented no evidence that he was not in possession of his mental faculties at the time that he entered his plea of guilty but mentally ill, any "after the fact" incompetency claim would be without merit. *See United States v. Calvin*, 20 Fed. Appx. 452, 453 (6th Cir. 2001); *Hastings v. Yukins*, 194 F. Supp. 2d at 672.  Petitioner is not entitled to habeas relief on this claim because there was nothing in the plea transcript to indicate that due to mental illness, medications being taken by petitioner, or the head injury sustained in the accident, he lacked understanding of the proceedings. *See e.g. Williams v. Hargett*, 9 Fed. Appx. 958, 962 (10th Cir. 2001).

Petitioner also claims that he should be allowed to withdraw his plea because the trial court rendered the plea illusory when it sentenced him beyond the sentencing guideline range.

A plea agreement is entered into involuntarily and unknowingly if the defendant is unaware that the prosecution's promise is illusory. *See United States v. Randolph*, 230 F.3d 243, 250-51 (6th Cir. 2000).  Illusory representations made by the prosecutor to induce a defendant to waive his right to trial and enter a guilty plea have been found to constitute coercion justifying the withdrawal of a guilty plea. *See Spearman v. United States*, 860 F. Supp. 1234, 1249 (E.D. Mich. 1994).

Petitioner's plea agreement was not illusory.  The prosecutor allowed petitioner to plead to assault with intent to murder, an A Level Offense, which drastically reduced the sentencing

9

guidelines. (Tr. 12/15/08, p. 12).  The sentencing guideline range on a second-degree murder charge would have exposed petitioner to a possible sentence of 80 plus years imprisonment, without consideration of the habitual offender charge.  (Tr. *Id*.).  Although petitioner ultimately pleaded guilty but mentally ill to assault with intent to murder, which has a maximum sentence of life in prison, instead of taking a chance at trial with a charge of second-degree murder, which also has a maximum sentence of life in prison, petitioner still obtained a benefit through his plea because he was not sentenced to life and he was also able to plead to an A Level Offense. (Tr. *Id*.).  This Court concludes that the plea agreement was not illusory because petitioner was allowed to plead to a significantly lower charge which therefore amounted to a real, tangible benefit in consideration for the plea. *See Daniels v. Overton*, 845 F. Supp. 1170, 1174 (E.D. Mich. 1994).  Because petitioner derived a real benefit from his plea bargain in this case, his plea was not illusory and he is therefore not entitled to habeas relief. *See McAdoo v. Elo*, 365 F. 3d 487, 498 (6th Cir. 2004).

To the extent that petitioner believed that he would be sentenced within the guidelines, a state court's proper plea colloquy will cure any misunderstandings that a petitioner may have had about the consequences of the plea. *Ramos v. Rogers*, 170 F. 3d 560, 565 (6th Cir. 1999).  Prior to accepting petitioner's guilty plea, the trial judge and the prosecutor placed the entire plea agreement on the record, which called for petitioner to plead guilty to assault with intent to murder, operating while intoxicated causing death to be enhanced by the habitual offender 4th notice, and two counts of operating while intoxicated causing serious injury to be enhanced by the habitual offender 4th notice, in exchange for dismissal of the second-degree murder charge. There was no sentencing agreement.  (Tr. 4/29/2008, pp. 20-21).  During the hearing on

10

petitioner's motion to withdraw his plea, the prosecutor made clear that sentencing agreements are not entered into in that jurisdiction.  (Tr. 12/15/08, p. 11).

Prior to accepting petitioner's plea, the trial judge advised petitioner of the maximum penalties for the offenses that he was pleading guilty to and the rights that he would be waiving by pleading guilty. The record reflects that the trial court judge advised petitioner that he could be given up to life at the time of sentencing. (*Id*. at 14-21). Petitioner acknowledged on the record that there had been no additional promises or threats to get him to plead guilty. The prosecutor also elicited a factual basis from petitioner, in which petitioner acknowledged that he had driven down the I-94 ramp the wrong way with the intention to commit suicide, resulting in the death of another and serious injury to the other occupants in the vehicle.

> [GURNSEY]: I believe I was going to commit suicide because my wife had left me. I was, I was suicidal. . . .dad died and my whole life just fall apart and, um, I began mistreating my wife and I started to drink real heavy and I did what I'm charged with.
>
> [DEFENSE COUNSEL]: Okay. And then you ran head-on into the Leroy vehicle?
>
> [GURNSEY]: That's what the records indicate and that's what I believe I did.
>
> [DEFENSE COUNSEL]: And Andrew Leroy was killed as a result - -
>
> [GURNSEY]: Yeah. Yes. Yes, sir.

Petitioner also stated that Susan Leroy was seriously injured and taken to the hospital, Gary Leroy was injured and taken to the hospital, and that he (petitioner) sustained a head injury as a result of the accident. (Tr. 4/29/08 pp. 13-19).  After taking into consideration the circumstances of the crimes and petitioner's prior record, the Court sentenced petitioner beyond the guideline range on the underlying convictions.  (Tr. 5/27/08 p. 7, 22).

Petitioner's claims that he had a valid insanity defense, that he lacked the requisite intent

11

to murder, that he was not properly charged as a habitual fourth, and any other affirmative

defenses, are waived by the plea.  An unconditional guilty plea constitutes a waiver of all

pre-plea non-jurisdictional constitutional deprivations. *Tollett v. Henderson*, 411 U.S. 258, 267

(1973); *See also U.S. v. Martin*, 526 F. 3d 926, 932 (6th Cir. 2008). A defendant who knowingly

and intelligently enters a plea of guilty waives any potential insanity defense. *See United States

v. Bruggeman*, 201 F. 3d 441; 1999 WL 1252853, * 1 (6th Cir. December 15, 1999). Petitioner is

not entitled to relief on his first claim.

### B.  Claims ##2 and 3. The sentencing issues.

The Court will consolidate petitioner's second and third issues for purposes of judicial

clarity.  Petitioner's second claim alleges that he is entitled to be resentenced within the

guidelines while his third claim alleges that he is entitled to have his presentence investigation

report corrected.

This Court initially notes that petitioner's sentence of 35 to 50 years in prison was within

the statutory limit under Michigan law for the crime of assault with intent to murder and being a

fourth felony habitual offender on the other three counts.  A sentence imposed within the

statutory limits is not generally subject to habeas review. *Townsend v. Burke*, 334 U.S. 736, 741

(1948); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999).

It is well-established that "federal habeas corpus relief does not lie for errors of state

law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991).  Petitioner's claim that the state trial court

misapplied the Michigan Sentencing Guidelines is not a cognizable claim for federal habeas

review, because it is basically a state law claim. *See Howard v. White*, 76 Fed. Appx. 52, 53 (6th

Cir. 2003); *See also Coy v. Renico*, 414 F. Supp. 2d 744, 780 (E.D. Mich. 2006).  "Petitioner has

12

no state-created interest in having the Michigan Sentencing Guidelines applied rigidly in determining his sentence." *See Mitchell v. Vasbinder*, 644 F. Supp. 2d 846, 867 (E.D. Mich. 2009)(citing *Shanks v. Wolfenbarger*, 387 F. Supp. 2d 740, 752 (E.D. Mich. 2005)).  Petitioner's claim that the state trial court improperly departed above the sentencing guidelines range would thus not entitle him to habeas relief, because such a departure does not violate any of petitioner's federal due process rights. *See Austin v. Jackson*, 213 F. 3d 298, 301 (6th Cir. 2000); *See also Drew v. Tessmer*, 195 F. Supp. 2d 887, 889-90 (E.D. Mich. 2001).  "[I]n short, petitioner had no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt*, 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004).  Any error by the trial court in calculating his guideline score or in departing above his sentencing guidelines range alone would not merit habeas relief. *Id*.

Furthermore state courts are the final arbiters of state law. *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Sanford v. Yukins*, 288 F.3d 855, 860 (6th Cir. 2002).  Claims which arise out of a state trial court's sentencing decision are not normally cognizable on federal habeas review, unless the habeas petitioner can show that the sentence imposed exceeded the statutory limits or is wholly unauthorized by law. *See Vliet v. Renico*, 193 F. Supp. 2d 1010, 1014 (E.D. Mich. 2002).  Thus, a sentence imposed within the statutory limits is not generally subject to habeas review. *Townsend v. Burke*, 334 U.S. 736, 741 (1948); Cook v. Stegall, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999)  Petitioner's sentence of 35 to 50 years in prison was within the statutory limits for the offenses of which he was convicted. The trial judge sentenced petitioner to less than the maximum sentence of life imprisonment. Petitioner's second claim is non-cognizable and without merit.

13

In his third claim, petitioner contends that he is entitled to have his presentence investigation report corrected.

There is no federal constitutional right to a pre-sentence investigation and report. *See Bridinger v. Berghuis*, 429 F. Supp. 2d 903, 909 (E.D. Mich. 2006); *Allen v. Stovall*, 156 F. Supp. 2d 791, 797 (E.D. Mich. 2001). Therefore, the mere presence of hearsay or inaccurate information in a pre-sentence report does not constitute a denial of due process so as to entitle a petitioner to habeas relief. *Allen*, 156 F. Supp. 2d at 797. Moreover, because the federal constitution does not require a state court to prepare or consider a pre-sentence report, petitioner had no federal constitutional right to review any such report prior to sentencing. *Bridinger*, 429 F. Supp. 2d at 909.

To the extent that petitioner claims that the trial court failed to correct the inaccuracies in his pre-sentence report, in violation of M.C.R. 6.429, this would be noncognizable in federal habeas review, because it involves an issue of state law. *See e.g. Koras v. Robinson*, 257 F. Supp. 2d 941, 955 (E.D. Mich. 2003); *aff'd in part and rev'd in part on other grds*, 123 Fed. Appx 207 (6th Cir. 2005).

More importantly, even where there is an alleged factual inaccuracy in a pre-sentence report, a court need not resolve the dispute when the information is not relied on in arriving at the sentence that was imposed. *See Warren v. Miller*, 78 F. Supp. 2d 120, 131 (E.D.N.Y. 2000). Although a criminal defendant possesses a constitutional right not to be sentenced on the basis of "misinformation of constitutional magnitude," *See Roberts v. United States*, 445 U.S. 552, 556 (1980), in order to prevail on a claim that a trial court relied on inaccurate information at sentencing, a habeas petitioner must demonstrate that the sentencing court relied upon this

14

information and that it was materially false. *See Siebert v. Jackson*, 205 F. Supp. 2d 727, 731 (E.D. Mich. 2002).

In the present case, there is no evidence that the trial court relied on the allegedly incorrect information contained within the pre-sentence report in sentencing petitioner, particularly where the trial court judge articulated other substantial and compelling reasons for exceeding the sentencing guidelines.  A habeas petitioner is not entitled to relief on his claim that a pre-sentence investigation report contained inaccurate information where there is no indication that the sentencing judge relied on this information in sentencing the petitioner. *See Draughn v. Jabe*, 803 F. Supp. 70, 80 (E.D. Mich. 1992).  Accordingly, petitioner is not entitled to habeas relief on his third claim.

**C.  Claims ## 4, 5, 6, and 7. The defaulted claims.**

Respondent contends that petitioner's remaining claims are procedurally defaulted because petitioner raised these claims for the first time in his post-conviction motion, and failed to show cause and prejudice for failing to raise these claims in his appeal of right, as required by M.C.R. 6.508(D)(3).

When the state courts clearly and expressly rely on a valid state procedural bar, federal habeas review is also barred unless petitioner can demonstrate "cause" for the default and actual prejudice as a result of the alleged constitutional violation, or can demonstrate that failure to consider the claim will result in a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991).  If petitioner fails to show cause for his procedural default, it is unnecessary for the court to reach the prejudice issue. *Smith v. Murray*, 477 U.S. 527, 533 (1986).  However, in an extraordinary case, where a constitutional error has probably resulted in

15

the conviction of one who is actually innocent, a federal court may consider the constitutional claims presented even in the absence of a showing of cause for procedural default. *Murray v. Carrier*, 477 U.S. 478, 479-80 (1986).  However, to be credible, such a claim of innocence requires a petitioner to support the allegations of constitutional error with new reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995).  "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 624 (1998).

Michigan Court Rule 6.508(D)(3) provides that a court may not grant relief to a defendant if the motion for relief from judgment alleges grounds for relief which could have been raised on direct appeal, absent a showing of good cause for the failure to raise such grounds previously and actual prejudice resulting therefrom.  For purposes of a conviction following a guilty, guilty but mentally ill, or nolo contendere plea, a defendant must show that the defect in the proceedings was such that it rendered "the plea an involuntary one to a degree that it would be manifestly unjust to allow the conviction to stand." M.C.R. 6.508(D)(3)(b)(ii).

The Supreme Court has noted that "a procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on the procedural bar." *Harris v. Reed*, 489 U.S. 255, 263 (1989).  If the last state court judgment contains no reasoning, but simply affirms the conviction in a standard order, the federal habeas court must look to the last reasoned state court judgment rejecting the federal claim and apply a presumption that later unexplained orders upholding the judgment or rejecting the same claim rested upon the same ground. *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991).

16

The Michigan Court of Appeals and the Michigan Supreme Court rejected petitioner's post-conviction appeal on the ground that "the defendant has failed to meet the burden of establishing entitlement to relief under M.C.R 6.508(D)."  These orders, however, did not refer to subsection (D)(3) nor did they mention petitioner's failure to raise these claims on his direct appeal as their rationale for rejecting his post-conviction claims.  Because the form orders in this case citing Rule 6.508(D) are ambiguous as to whether they refer to procedural default or a denial of post-conviction relief on the merits, the orders are unexplained. *See Guilmette v. Howes*, 624 F. 3d 286, 291 (6th Cir. 2010).  This court must "therefore look to the last reasoned state court opinion to determine the basis for the state court's rejection" of petitioner's claims. *Id*.

In the present case, the St. Clair County Circuit Court judge, in rejecting petitioner's motion for relief from judgment, mentioned that M.C.R. 6.508(D)(3)(ii) requires a defendant who pleaded guilty but mentally ill to show that his "plea was involuntary to a degree that it would be manifestly unjust to allow his conviction to stand."  The judge concluded that: "After examining Defendant's motion along with all the files, records, and correspondence relating to Defendant's sentencing, it is plain that Defendant's conviction is not manifestly unjust and therefore he is not entitled to relief."  *People v. Gurnsey*, No. 08-000104-FC, p. 2 (St. Clair County Circuit Court, August 2, 2010).

Because the trial court judge denied petitioner post-conviction relief based on the procedural grounds stated in M.C.R. 6.508(D)(3), petitioner's post-conviction claims are clearly procedurally defaulted pursuant to M.C.R. 6.508(D)(3). *See Ivory v. Jackson*, 509 F. 3d 284, 292-93 (6th Cir. 2007); *See also Howard v. Bouchard*, 405 F. 3d 459, 477 (6th Cir. 2005).

17

Petitioner has failed to offer any reasons to excuse the procedural default. Because petitioner has not demonstrated any cause for his procedural default, it is unnecessary for the court to reach the prejudice issue. *Smith*, 477 U.S. at 533; *See also Alexander v. Smith*, 342 F. Supp. 2d 677, 685 (E.D. Mich. 2004). Additionally, petitioner has not presented any new reliable evidence to support any assertion of innocence which would allow this court to consider this claim as a ground for a writ of habeas corpus in spite of the procedural default. Being that petitioner has not presented any new reliable evidence that he is innocent of this crime, a miscarriage of justice will not occur if the Court declined to review the procedurally defaulted claims on the merits. *See Alexander*, 342 F. Supp. 2d at 685. Petitioner is not entitled to habeas relief on his remaining claims.

### IV. Conclusion

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id*. at 484. Likewise, when a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should

issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id*. at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. *See also Millender v. Adams*, 187 F. Supp. 2d 852, 880 (E.D. Mich. 2002). The Court will also deny petitioner leave to appeal *in forma pauperis*, because the appeal would be frivolous. *See Allen v. Stovall*, 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

## V. ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is DENIED WITH PREJUDICE.

IT IS FURTHER ORDERED That a certificate of appealability is DENIED.

IT IS FURTHER ORDERED that leave to appeal *in forma pauperis* is DENIED.


s/Gerald E. Rosen
Chief Judge, United States District Court

Dated:  May 15, 2014

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 15, 2014, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager, (313) 234-5135

19