UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID GURNSEY,

    Petitioner,                                     CASE NO. 2:11-cv-15038
                                                     HONORABLE GERALD E. ROSEN

v.

JOHN PRELESNIK,

    Respondent.

_____/

**ORDER TRANSFERRING MOTION FOR RELIEF FROM JUDGMENT TO THE
COURT OF APPEALS PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)**

### I. Introduction

On May 15, 2014, this Court denied the petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, in which petitioner challenged his state court conviction for assault with intent to commit murder, operated while intoxicated causing death, two counts of operated while intoxicated causing serious injury, and being a fourth felon habitual offender. The Court also denied petitioner a certificate of appealability or leave to appeal *in forma pauperis*. Petitioner has filed a motion for relief from judgment under Fed. R. Civ. P. 60(b).

For the following reasons, the Court concludes that petitioner's motion constitutes a second or successive collateral challenge to his state court conviction and will transfer the motion to the Court of Appeals pursuant to 28 U.S.C. § 2244(b)(3)(A).

### II. Discussion

Petitioner claims in his motion for relief from judgment that this Court erred in finding that he was competent to enter his plea of guilty but mentally ill to the charges.

1

Before a second or successive habeas petition is filed in a federal district court, a habeas petitioner shall move in the appropriate court of appeals for an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); *In re Wilson*, 142 F.3d 939, 940 (6th Cir. 1998). Under the AEDPA, a federal district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition. *Ferrazza v. Tessmer*, 36 F. Supp. 2d 965, 971 (E.D. Mich. 1999). Unless the Sixth Circuit Court of Appeals has given its approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition to the Sixth Circuit Court of Appeals no matter how meritorious the district court believes the claim to be. *Id.* at 971; *See also In Re Sims*, 111 F. 3d 45, 47 (6th Cir. 1997). This requirement transfers to the court of appeals a screening function which the district court previously would have performed. *Felker v. Turpin*, 518 U.S. 651, 664 (1996).

A Rule 60(b) motion for relief from judgment which seeks to advance one or more substantive claims following the denial of a habeas petition, such as a motion seeking leave to present a claim that was omitted from the habeas petition due to mistake or excusable neglect, or seeking to present newly discovered evidence not presented in the petition, or seeking relief from judgment due to an alleged change in the substantive law since the prior habeas petition was denied, should be classified as a "second or successive habeas petition," which requires authorization from the Court of Appeals before filing, pursuant to the provisions of § 2244(b). *See Gonzalez v. Crosby,* 545 U.S. 524, 531 (2005). Therefore, a habeas petitioner's Rule 60(b) motion "that seeks to revisit the federal court's denial on the merits of a claim for relief should be treated as a successive habeas petition." *Id.* at 534.

Petitioner's motion for relief from judgment amounts to a second or successive habeas petition, because the motion seeks to advance claims that the Court previously considered and dismissed on substantive, constitutional grounds. *See Post v. Bradshaw,* 422 F. 3d 419, 424-25 (6th Cir. 2005). Petitioner's Rule 60(b) motion is not merely an attempt to rectify a defect in the habeas corpus proceedings, but instead reasserts the substance of petitioner's claim that he was incompetent to plead guilty and would constitute an impermissible attack on the Court's previous resolution of the claim or claims on the merits. *See Henderson v. Collins,* 184 Fed. App'x. 518, 523 (6th Cir. 2006). Moreover, to the extent that petitioner seeks to introduce new evidence in support of his claim, a Rule 60(b) motion which seeks to introduce new evidence in support of habeas claims which had previously been denied qualifies as a second or successive habeas petition. *See In Re Bowling,* 422 F. 3d 434, 439-40 (6th Cir. 2005)(district court properly construed habeas petitioner's Rule 60(b) motion, which sought to introduce new evidence in support of his previously adjudicated ineffective assistance of counsel claim, as a second or successive habeas petition).

Petitioner's current Rule 60(b) motion is a second or successive petition for a writ of habeas corpus and he is therefore required to obtain a certificate of authorization. Although neither party raised the issue of this being a second or successive petition, it is appropriate for this Court to consider the issue *sua sponte* because subject matter jurisdiction goes to the power of the courts to render decisions under Article III of the Constitution. *See Williams v. Stegall*, 945 F. Supp. 145, 146 (E.D. Mich. 1996).

### III. CONCLUSION

Petitioner has not obtained the appellate authorization to file a subsequent petition as required by 28 U.S.C. § 2244(b)(3)(A). Accordingly, the Court **ORDERS** the Clerk of the Court

3

to transfer the "Motion For Relief From Judgment" [dkt. # 10] to the United States Court of Appeals for the Sixth Circuit.

                                      s/Gerald E. Rosen  
                                      Chief Judge, United States District Court

Dated:  October 7, 2014

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 7, 2014, by electronic and/or ordinary mail.

                                        s/Julie Owens  
                                      Case Manager, (313) 234-5135